**Theodore P. LOMAX, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19586.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 11, 1966.

Decided Nov. 25, 1966.

Petition for Rehearing En Banc Denied
Jan. 31, 1967.

Mr. Harold J. McGrath, Washington, D. C. (appointed by this court), for appellant.

Mr. Theodore Wieseman, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief for appellee.

Before EDGERTON, Senior Circuit Judge, and DANAHER and LEVENTHAL, Circuit Judges.

DANAHER, Circuit Judge.

This appellant was convicted of carrying a pistol without a license [1] and of using that pistol to assault one Carl White. Although on various grounds the appellant has contended here that he did not receive a fair trial, the only point we need notice involves the manner of proof that a certain car belonged to Lomax.

About 4 P.M. on January 22, 1965, White's car was in a line of cars headed south on Ninth Street, awaiting access to

---

1. It was stipulated at trial that Lomax had no police permit to carry a pistol on January 22, 1965.

a car washing establishment. A car being driven in a southerly direction attempted to pass the waiting line only to be impeded by cars headed in a northerly direction. Blocked for some ten minutes at a point opposite White's car, the driver of the southbound car commenced blowing his horn, but finally got out and "hollered to the man in front of him to get out of the way."

White told that southbound driver to back up and let the northbound cars pass through. Spurning that advice, the driver approached White's car. White rolled up his window. The frustrated driver drew a pistol from his pocket and fired it at White.

The bullet, later found in White's car, shattered the glass. White, cut and bleeding, nevertheless took note of the "D.C." registration of the southbound car and thereafter gave that number to the police who shortly arrived.

Officer Chaillet found an ambulance crew administering first aid. Since the officer, as he testified, had obtained the registration of the assailant's car, he was inartfully asked at trial "Who was it listed to?" Defense counsel objected on the ground of hearsay, but the objection having been overruled, the officer testified that the car was "listed to" Theodore Paul Lomax. The night of the shooting the officer went to the appellant's house and talked with his mother, but Lomax was not there.[2] A "lookout" was flashed to all Metropolitan police. Lomax was arrested on March 1, 1965, when he was found in a car bearing the license number which had been broadcast.

Lomax testified that in January 1965, he owned a Ford car with registration 6–J–30. He had never seen White, he said,[3] and his defense was "alibi." Questioned by the judge, Lomax stated that on January 22, 1965 he lived at 302 Nine-

teenth Street, Northeast, where his mother also resided.

"The Court: Did your mother tell you that a police officer had been looking for you?

"A. Yes, she said a police stopped by and wanted to question me about something."

With Officer Chaillet's testimony thus corroborated, with the arresting officer's having a "lookout" for the car bearing the Lomax registration and in which car Lomax was riding when apprehended, and Lomax himself having testified to his possession of number 6–J–30 at the time in question, we find only insignificant error in the ruling of which Lomax here complains.

Certainly the prosecutor could have called a custodian of the official records in the Motor Vehicles Department. It thus could have been shown that to Lomax had been issued District registration 6–J–30 with his residence on January 22, 1965 listed as 302 Nineteenth Street, N.E.

No doubt proof so established would have been impervious to the challenge on hearsay grounds now lodged against a ruling which permitted the exhibition of the same facts and with the same result. That the judge commented in that vein neither adds to nor detracts from the basis of the appellant's contentions before us.

The sheer common sense of what was done under the circumstances supplies what we deem to be a sufficient answer for present purposes. With the number given to the officer as White testified, Chaillet, checking, had gone to the Lomax address and had talked with the appellant's mother who told Lomax of the visit. White on the following day had identified the picture of Lomax, the owner of 6–J–30. He had had Lomax

2. It was elicited by defense counsel on cross-examination that on January 23, 1965, the day following the assault, White, after examining photographs at headquarters, identified one as a photograph of Lomax.

3. On direct examination of Lomax, his counsel also brought out that the appellant had been convicted of grand larceny. "Yes I pleaded guilty because I was guilty," Lomax testified.

under observation for some ten minutes before the shooting. He identified Lomax in court.

We are satisfied there was no error affecting substantial rights.[4]

Affirmed.